**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

CANDELARIO GARCIA,
*individually and on behalf of all others similarly situated,*

Plaintiff,

-   against   -

KOSHER CORNER SUPERMARKET, INC.
d/b/a Kosher Corner
and YEHUDA COHEN

Defendants.

Case No:

**CLASS AND COLLECTIVE**
**ACTION COMPLAINT**

---

Plaintiff Candelario Garcia, individually and on behalf of all others similarly situated, by his attorneys, Katz Melinger PLLC, files this class and collective action complaint against defendants, Kosher Corner Supermarket, Inc. d/b/a Kosher Corner (the "Corporate Defendant" or "Kosher Corner") and Yehuda Cohen (the "Individual Defendant," and together with the Corporate Defendant, the "Defendants"), and respectfully alleges as follows:

### I. Nature of Action, Jurisdiction, and Venue

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA").  Plaintiff and the class bring claims to recover from Defendants: (i) unpaid overtime premium, (ii) liquidated damages, and (iii) attorneys' fees and costs.

2.      Plaintiff also brings claims pursuant to the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"). Plaintiff and the class are entitled to recover from Defendants: (i) unpaid overtime premium, (ii) unpaid spread of hours premium, (iii) statutory penalties, (iv) liquidated damages, and (v) attorneys' fees and costs.

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

4. This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

## II. Parties

6. Plaintiff is an individual residing in the State of New York.

7. At all relevant times, Plaintiff was employed by Defendants.

8. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

9. Kosher Corner Supermarket, Inc. d/b/a Kosher Corner is a domestic corporation organized under the laws of the State of New York, with its principal place of business and address for service of process located at 2055 McDonald Avenue, Brooklyn, NY 11223.

10. Kosher Corner is a specialized supermarket that provides services in the greater New York area.

11. Individual Defendant Yehuda Cohen, upon information and belief, resides in the state of New York.

12.    At all relevant times, Yehuda Cohen was, and still is the owner and person in control of the Corporate Defendant, who exercises significant control over Corporate Defendant's operations and has the authority to hire, fire, and discipline employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

13.    During all relevant times, the Corporate Defendant operated out of the same location and at the same address.

14.    Throughout his employment, Plaintiff reported to Yehuda Cohen, who was his direct supervisor at the Corporate Defendant's worksite.

15.    At all relevant times, Plaintiff was a covered employee within the meaning of the FLSA and the NYLL.

16.    Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiff.

17.    Upon information and belief, at all relevant times, Defendant's gross revenue was in excess of $500,000.00 per year.

18.    Defendants operate in interstate commerce.

19.    Defendants are subject to suit under the statutes alleged above.

### III. FLSA Collective Action Allegations

20.    The First Cause of Action in this Complaint, which arises out of the FLSA Section 16(b), 29 U.S.C. § 216(b), is brought by Plaintiff on behalf of all current and former non-exempt employees, including but not limited to, cashiers, packers, butchers, bakers, candy attendants, stockers, clerks, helpers, cleaners, delivery drivers, and service attendants who were employed on

3

or after the date three years prior to the filing of this Complaint and who elect to opt-in to this action (the "FLSA Collective Plaintiffs").

21.    The FLSA Collective Plaintiffs consist of no less than 15 similarly situated current and/or former employees of Defendants who have been victims of Defendants' common policies and practices that have violated the FLSA Collective Plaintiffs' rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

22.    As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed Plaintiff and the FLSA Collective Plaintiffs by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week.

23.    Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation.

24.    Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective Plaintiffs.

25.    The FLSA Collective Plaintiffs would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and locatable through Defendants' records. These similarly situated employees should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).

## IV. RULE 23 CLASS ALLEGATIONS

26.     Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all current and former non-exempt employees, including but not limited to cashiers, packers, butchers, bakers, candy attendants, stockers, clerks, helpers, cleaners, delivery drivers, and client service attendants who were employed by Defendants on or after six years before the filing of this Complaint (the "Class").

27.     The Class members are readily ascertainable. The number and identity of the Class members are determinable from Defendants' records. The hours assigned and worked, the titles of the positions held, and rates of pay for each Class member are also determinable from Defendants' records.

28.     For purpose of notice, the names and addresses of the Class members are readily available from Defendants. Notice can be provided by any means permissible under FRCP 23.

29.     The proposed Class is so numerous that joinder of all members is impracticable, and resolving their claims on a class-wide basis will benefit the parties and the Court. Although the precise number of Class members is unknown because the facts necessary to calculate that number are presently within the sole control of Defendants, there is no doubt that the Class includes more than 40 members.

30.     Plaintiff's claims are typical of the claims that could be alleged by any member of the Class in separate actions. All Class members were subject to the same corporate practices of Defendants, as alleged herein, including, without limitation, Defendants' failure to: (i) pay overtime premiums; (ii) pay spread of hours premiums; (iii) provide wage and hour notices upon hiring and as required thereafter; and (iv) provide wage statements in compliance with the NYLL.

31.     Defendants' company-wide policies and practices affected all Class members similarly, and Defendants benefited from the same types of unfair and wrongful acts as to each Class member. Plaintiff and the other Class members sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures carried out by Defendants.

32.     Plaintiff can fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action and employment litigation and who have previously represented plaintiffs in wage and hour cases.

33.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy, particularly in the wage and hour context, where individual Class members often lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant. Class treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously and efficiently, without the unnecessary duplication of effort and expense that numerous individual actions would engender.

34.     Because the losses, injuries, and damages suffered by each individual Class member are small in the sense pertinent to a class action analysis, the expense and burden of individual litigation would make it extremely difficult or impossible for individual Class members to address the wrongs done to them. Nonetheless, important public interests will be served by addressing this matter as a class action.

35.     Adjudicating the claims through individual actions would result in a substantial expenditure of Court and public resources; by contrast, treating the claims as a class action would result in significant savings of those costs. The prosecution of separate actions by individual Class

members would create a risk of inconsistent and varying adjudications with respect to Class members, establishing incompatible standards of conduct for Defendants and impairing Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided through common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

36.    Employees are often afraid to assert their rights for fear of direct or indirect retaliation. Both current and former employees may be reluctant to bring individual claims because doing so can harm their current employment, future employment, and efforts to secure future employment. Class actions provide Class members who are not named in the Complaint a degree of anonymity, allowing them to vindicate their rights while eliminating or reducing these risks.

37.    There are questions of law and fact common to the Class that predominate over any questions affecting only individual Class members, including:

    a)  Whether Defendants employed Plaintiff and the Class members within the meaning of the NYLL;

    b)  What Defendants' policies, practices, programs, procedures, protocols, and plans were and are regarding the types of work and labor for which Defendants did not properly pay Plaintiff and the Class;

    c)  The common rate, or rates subject to common methods of calculation, at which Defendants were and are required to pay Plaintiff and the Class members for their work;

d) Whether Defendants failed to properly compensate Plaintiff and the Class members for overtime under state and federal law for all hours worked in excess of 40 in a week;

e) Whether Defendants failed to properly compensate Plaintiff and Class members for spread of hours premiums under state law for shifts worked in excess of 10 hours;

f) ) Whether Defendants provided Plaintiff and Class members proper wage and hour notices on the date of hire and annually thereafter, as required by the NYLL; and

g) Whether Defendants provided Plaintiff and Class members proper wage statements with each payment of wages, as required by the NYLL.

## V. Factual Allegations

38.    Plaintiff Candelario Garcia was employed by Defendants as an assistant manager from on or around January 2001 until on or about July 16, 2025.

39.    As an assistant manager, Plaintiff's primary job duties included, *inter alia*, arranging products and cleaning aisles, loading and unloading packages, organizing warehouse inventory, and performing other related tasks as required.

40.    Although Defendants labeled Plaintiff's position as managerial, Plaintiff did not have managerial authority. Plaintiff had no authority to hire or fire employees; to set or control other employees' schedules, wages, or payroll; or to make decisions regarding Defendants' business operations, budget, or vendor dealings. Moreover, Plaintiff's work was closely supervised and he exercised little to no discretion about how or when his duties were performed.

41.    Throughout his employment, Plaintiff regularly worked six days per week, as follows:

8

a) Mondays from 8:00 a.m. to 5:00 p.m., for in or about nine hours per day;

b) Tuesdays from 8:00 a.m. to 4:00 p.m., for in or about eight hours per day;

c) Wednesdays from 8:00 a.m. to 5:00 p.m., for in or about nine hours per day;

d) Thursdays from 8:00 a.m. to 6:00 p.m., for in or about ten hours per day;

e) Fridays from 8:00 a.m. to 2:00 p.m., for in or about six hours per day; and

f) Sundays from 8:00 a.m. to 4:00 p.m., for in or about eight hours per day.

In total, Plaintiff was scheduled to work approximately 50 hours per week.

42. Despite having a designated schedule, Plaintiff was regularly required to continue working for in or around another ten minutes per day. As a result, Plaintiff often worked at least 51 hours per week.

43. At all relevant times, Plaintiff was not allowed to take an uninterrupted break of at least 30 minutes.

44. Throughout Plaintiff's employment, Defendants tracked his work time and required Plaintiff to clock-in at the start of each shift and clock-out at the end of each shift.

45. At all relevant times, Plaintiff was compensated with a flat payment of $740 per week. This amount never changed and was not tied to the number of hours Plaintiff worked.

46. Defendants provided Plaintiff with a paystub reflecting the $740 weekly flat payment, including deductions and tax withholdings.

47. Nonetheless, beginning in or around 2020, Defendants issued Plaintiff an additional handwritten check for $110 per week, with no deductions or tax withholdings, stating that it was in lieu of overtime compensation.

48. Plaintiff was paid on a flat weekly basis.

49.      Plaintiff never received overtime compensation at 1.5 times his regular rate of pay for all hours worked over 40 in a workweek.

50.      Throughout his employment, Plaintiff worked shifts exceeding ten hours in duration. Nonetheless, Defendants never compensated Plaintiff with the statutory spread of hours premium.

51.      Plaintiff was never provided with the wage notice required by the NYLL, either at the time of hiring or at any time thereafter, as required by the NYLL.

52.      Plaintiff was not provided with accurate wage statements that reflected his hours worked, rates of pay, and wages earned.

53.      During his employment, Plaintiff was scheduled to work with approximately 12 to 15 other employees at the supermarket at any given time. These employees were assigned to different sections of the supermarket, including the cash register, client services, delivery services, stockroom, dairy, butcher, bakery, and candy stand. Based on his personal observations, Plaintiff further observed that employees frequently quit or were terminated, resulting in substantial turnover and a significant number of current and former employees during the relevant period.

54.      Based on Plaintiff's observations and discussions with other employees, class members similarly worked shifts of at least ten hours and worked more than 40 hours per week. Nonetheless, under the same pay policies and practices, class members were similarly denied overtime compensation and spread of hours premiums. Likewise, Class members were not provided with the wage notices as required by the NYLL and did not receive accurate wage statements reflecting their hours worked and wages earned.

## VI. Statement of Claims

### Defendants' Violations of the FLSA and NYLL

55.     Throughout their employment, Plaintiff, FLSA Collective Plaintiffs and the Class were non-exempt employees pursuant to the FLSA and the NYLL, and were entitled to receive compensation for all hours worked, including their regular hourly rate or the minimum wage rate, whichever is greater, for all hours worked up to 40 per week; overtime compensation of 1.5 times their regular rate of pay for all hours worked in excess of 40 per week; and spread of hours premium, equivalent to one additional hour of pay at the applicable minimum wage, for each day their shifts exceeded ten hours in duration.

56.     However, despite routinely working more than 40 hours per week, Plaintiff was not paid overtime compensation of 1.5 times his regular hourly rate of pay for all hours he worked in excess of 40 per week. Similarly, the FLSA Collective Plaintiffs and Class members were not properly compensated for overtime for all hours worked in excess of 40 in a week.

57.     Moreover, despite routinely working shifts that exceeded ten hours in duration, Plaintiff was not paid the statutory spread of hours premium consisting of one additional hour of pay at the applicable minimum wage rate. Similarly, Class members were not paid spread of hours premiums for shifts exceeding ten hours.

58.     Defendants also failed to furnish to Plaintiff, the FLSA Collective Plaintiffs, and the Class, at the time of hire or at any time thereafter, a notice containing their rates of pay, the designated payday, or other information required by NYLL § 195(1).

59.     Furthermore, Plaintiff, the FLSA Collective Plaintiffs, and the Class, did not receive, with each wage payment, a statement accurately listing their regular and overtime rates of pay, the number of regular and overtime hours worked, gross wages, deductions, and anything otherwise required by NYLL § 195(3).

60.     Defendants violated federal and state law by willfully failing to pay Plaintiff, the FLSA Collective Plaintiffs, and the Class, overtime compensation and spread of hours premium; and by failing to provide them with the required payroll notices and wage statements.

**AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE FLSA COLLECTIVE PLAINTIFFS**
(*Overtime Violations Under the FLSA*)

61.     Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats and realleges all prior allegations set forth above.

62.     Pursuant to the applicable provisions of the FLSA, Plaintiff and the FLSA Collective Plaintiffs were entitled to overtime compensation of 1.5 times their regular hourly rates of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of 40 hours per week.

63.     Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of 40 hours per week during their employment with Defendants.

64.     Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages of 1.5 times their regular hourly rates of pay for each hour worked in excess of 40 hours in a week.

65.     As a result of Defendants' violations of the law and failure to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime wages, Plaintiff and the FLSA Collective Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

66.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and the FLSA Collective Plaintiffs are entitled to liquidated damages.

67.    Judgment should be entered in favor of Plaintiff and the FLSA Collective Plaintiffs and against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SECOND CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS**
(*Overtime Violations Under the NYLL*)

68.    Plaintiff, on behalf of himself and the Class, repeats and realleges all prior allegations set forth above.

69.    Pursuant to the applicable provisions of the NYLL, Plaintiff and Class members were entitled to overtime compensation of 1.5 times their regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of 40 hours per week.

70.    Plaintiff regularly worked in excess of 40 hours per week during his employment with Defendants. Similarly, other class members worked in excess of 40 hours per week.

71.    Throughout the relevant time period, Defendants knowingly failed to pay Plaintiff and the Class overtime compensation at 1.5 times their regular rate of pay for each hour worked in excess of 40 hours in a week.

72.    As a result of Defendants' violations of the law and failure to pay the required overtime compensation, Plaintiff and Class members have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

73.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiff and Class members are entitled to liquidated damages.

74.     Judgment should be entered in favor of Plaintiff and Class members and against Defendants on the Second Cause of Action in the amount of their unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A THIRD CAUSE OF ACTION**
**ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS**
(*Spread of Hours Violations under the NYLL*)

75.     Plaintiff, on behalf of himself and the Class, repeats and realleges all prior allegations set forth above.

76.     Plaintiff regularly worked shifts that spanned more than ten hours per day. Other Class members were similarly scheduled to work shifts exceeding 10 hours.

77.     Defendants willfully failed to pay Plaintiff and the Class the required spread of hours premium. consisting of one additional hour of pay at the applicable minimum wage rate for each day on which they worked more than ten hours.

78.     By failing to pay Plaintiff and Class members spread of hours premiums, Defendants have willfully violated NYLL Article 19, §§ 650, *et seq*., and the supporting New York State Department of Labor Regulations.

79.     Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Third Cause of Action in the amount of the unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS
(*Failure to Provide Payroll Notices Under the NYLL*)

80.　Plaintiff, on behalf of himself and the Class, repeats and realleges all prior allegations.

81.　Defendants failed to furnish to Plaintiff and the Class, at the time of hire or at any time thereafter, notices containing their rate or rates of pay and basis thereof; allowances, if any, claimed as part of the minimum wage; their regular pay day designated by the employer; and other information required by NYLL § 195(1).

82.　As Defendants failed to provide Plaintiff and Class members with payroll notices as required by NYLL § 195(1), Plaintiff and the Class are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

83.　Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Fourth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FIFTH CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF, INDIVIDUALLY, AND THE CLASS
(*Failure to Provide Wage Statements Under the NYLL*)

84.　Plaintiff, on behalf of himself and the Class, repeats and realleges all prior allegations.

85.　Throughout the relevant time period, Defendants failed to furnish to Plaintiff and Class members with each wage payment, an accurate statement listing: their regular and overtime rates of pay and basis thereof; the number of regular and overtime hours they worked; gross wages; deductions; and net wages; in violation of NYLL § 195(3).

15

86.     As Defendants failed to provide Plaintiff and the Class with proper wage statements as required by NYLL § 195(3), Plaintiff and Class members are entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with all reasonable attorneys' fees and costs.

87.     Judgment should be entered in favor of Plaintiff and the Class and against Defendants on the Fifth Cause of Action in the amount of $5,000.00 each, along with attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

## VII. PRAYER FOR RELIEF

WHEREFORE Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class, prays for relief as follows:

a) on the First Cause of Action for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b) on the Second Cause of Action for all overtime wages due to Plaintiff and the Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c) on the Third Cause of Action for all spread of hour wages due to Plaintiff and the Class, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d) on the Fourth Cause of Action on behalf of Plaintiff and the Class for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

16

e) on the Fifth Cause of Action on behalf of Plaintiff and the Class for liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00 each, along with reasonable attorneys' fees in an amount to be determined by this Court;

f) Interest;

g) Costs and disbursements;

h) Designation of this action as a Class Action;

i) Designation of Plaintiff as a Representative of the FLSA Collective Plaintiffs and the Class; and

j) Such other and further relief as the Court deems just and proper.

Dated: New York, New York
      July 16, 2026

Respectfully submitted,

KATZ MELINGER PLLC

By: */s/ Agnes F. Lopez*
Agnes F. Lopez, Esq.
370 Lexington Avenue, Suite 1512
New York, New York 10017
Telephone: (212) 460-0047
Facsimile: (212) 428-6811
aflopez@katzmelinger.com
*Attorneys for Plaintiff,*
*FLSA Collective Plaintiffs,*
*and the Class.*

17